ARONSON v. GREENBERG.

(Supreme Court, Appellate Division, First Department.  January 23, 1903.)

1. APPEAL FROM FINAL JUDGMENT—REVIEW OF INTERLOCUTORY JUDGMENT.
    Code Civ. Proc. § 1316, provides that an appeal from a final judgment shall bring up an interlocutory judgment which is specified in the notice of appeal.  No appeal was taken from an interlocutory judgment adjudging the formation of a partnership between plaintiff and defendant, dissolving it, and directing an accounting, and no notice was given in the appeal from the final judgment of an intention to bring up such interlocutory judgment.  Held, that it was not reviewable.

2. APPEAL—FINDING OF REFEREE—CONFLICTING EVIDENCE.
    A finding of a referee on a matter of fact on conflicting evidence is conclusive on appeal.

3. PARTNERS—ACTION FOR ACCOUNTING—FINDINGS OF REFEREE—AMOUNT DUE—SUFFICIENCY OF EVIDENCE.
    In an action against a copartner for an accounting of the rents collected by him from the partnership property, the evidence before the referee examined, and held that his finding as to the amount due plaintiff was not excessive.

4. SAME—BURDEN OF PROOF.
    Where, in an action against a copartner for an accounting, it appeared that on a certain date he had wrongfully excluded plaintiff from participating in the business, the burden was on him to sustain his contention that after that date there was a falling off in the receipts, or an increase in the disbursements.

Appeal from judgment on report of referee.

Action by Moe Aronson against Meyer Greenberg, seeking an accounting and other relief.  From the final judgment entered on the report of a referee, defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles L. Cohn, for appellant.
Clarence L. Barber, for respondent.

LAUGHLIN, J.  It is alleged in the complaint that on the 31st day of March, 1898, the plaintiff and defendant became copartners for the purpose of leasing from the city of New York certain houses upon lands acquired but not utilized for public purposes, and subletting the same; that pursuant to this agreement the parties leased from the city 20 houses; that these leases were very valuable, and that substantial profits had accrued and would accrue therefrom; that from the month of July, 1898, the defendant, claiming to be the sole owner of the leases, excluded the plaintiff from participating in the business.  An accounting and the appointment of a receiver were demanded, but not a dissolution of the firm.  The answer admits the copartnership; alleges its dissolution on the 26th of August, 1898, on account of violations of the agreement by the plaintiff; and admits that "the leases were very valuable, and substantial profits have accrued as alleged" in the complaint.  The issues were brought to trial at special term.  The defendant defaulted.  The trial resulted in a decision decreeing an interlocutory judgment adjudging the formation of the partnership as alleged in the complaint, dissolving it,

and directing the defendant to account before a referee therein named for "all the moneys which came into his possession since the 31st day of March, 1898, to and including April, 1899, by reason of said copartnership." The defendant moved at special term to be relieved from the default, but his motion was denied, and no appeal was taken from the order. Both parties appeared upon the reference in person and by attorney, and were quite fully examined. The interlocutory judgment has not been appealed from, and no notice is given in the appeal from the final judgment of an intention to bring up for review the interlocutory judgment. Consequently the interlocutory judgment is not reviewable, and the only questions open to consideration are those arising on the accounting before the referee. Code Civ. Proc. § 1316.

The appellant urges that the partnership, being for no definite time, was dissolved by the commencement of this action. The court, however, has decided that it continued during the time that the houses were rented from the city. The record does not contain the decision, or the evidence on which it was based. The interlocutory judgment decreed the continuance of the partnership until the end of the month of April, 1899. That adjudication is final, for the reasons already stated, and is not open to review on this appeal.

The appellant also contends that the finding of the referee as to the amount due and owing to the plaintiff is not warranted by the evidence. The defendant testified that he had nothing to do with these houses and collected no rent therefrom after the month of March, 1899; but there was other evidence of a direct and positive character that they were rented from the city until the close of the month of April, and that the defendant collected the rents; making this a fair question of fact, upon which the finding of the referee should not be disturbed.

The plaintiff testified in detail as to the amount received by the firm from each house for the month of April, 1898, which aggregated the sum of $1,201.25. This embraced receipts from 22 houses, the evidence showing that the partnership related to more houses than were specified in the complaint, and it appears to have been received without objection, and no question concerning it is raised on the appeal. The firm's liability to the city for rentals for each month was $837, which has been fully paid. The plaintiff testified that he expended $65 for office furniture during the first month, and that the total other expenses of the firm, in employing an interpreter and collecting the rent, did not exceed $100 per month. This would leave a profit of $199.25 for the first month. This evidence as to the receipts is not specifically controverted by the defendant, but he denies that the aggregate of the receipts amounted to this sum, and that there were any profits for that month. According to the testimony of the plaintiff, the defendant admitted at the time that he collected $1,030 or $1,040 that month. The plaintiff further testified that the houses brought in the same amount of rentals for each of the 13 months during which the partnership continued; but it appeared from his evidence that he was excluded from participating in the partnership business after the month of July, 1898, and that there—

fore he had slight personal knowledge as to the amount of rents thereafter collected by the defendant. The referee has found that the rentals received each month amounted to the same as those received during the first month. During the first four months it is evident that the plaintiff had actual knowledge, and the referee was justified in accepting his evidence. The agreement between the parties was that the plaintiff would advance monthly the moneys to pay the rent owing to the city, and that the defendant should collect the rents. The defendant had exclusive charge of collecting the rents throughout. The inference is warranted from the evidence that the defendant wrongfully excluded the plaintiff from participating as a partner after July, and thereafter destroyed the monthly accounts which he kept of the rentals received and expenses. The defendant affords no assistance by his evidence in arriving at a determination of the questions involved on this accounting. His testimony is, in effect, that he is unable to give the details of receipts or expenses, or even the gross amount. The only thing he testifies to definitely is that there were no profits after the month of July; but this is extremely improbable, even on his own evidence. He claims that the plaintiff refused to advance the money with which to pay the city or to continue the partnership after July; that he thereupon, knowing that there were no profits for the month of August, took his son in with him, and continued to rent these houses from the city from month to month at a loss during every month, while conceding that their liability to the city was only from month to month, and that they were under no obligation to keep the houses, when, as he claims, the tenants were leaving, and a loss was inevitable. The plaintiff testified that the defendant admitted to him that the receipts for the month of August, 1898, were $1,235 or $1,300, which is more than the amount charged the defendant for any month. The defendant testified that the receipts for that month were "nearly $1,000,— $950, $940." The defendant, while denying that there were any profits in the month of September, testified that he collected more in that month than he did in the month of April, when, according to the plaintiff's positive testimony, the amount with which the defendant is charged was collected. The defendant also testified that he received the same amount for the months of September and October that he did in the month of August. It was shown by the testimony of one Moses Price that in the month of. January, 1899, the defendant, in answer to a question as to how he was getting along with these houses with Aronson, said, "I make a couple of hundred,—between. two and three hundred dollars a month." We are of opinion that this evidence tends to support and justifies the finding of the referee as to the total amount received. The burden should rest upon the defendant, on account of his wrongful conduct in excluding the plaintiff from participating in the business of the firm, of satisfactorily showing some change in the existing situation, resulting in a falling off of the receipts, or an increase in the disbursements. His testimony is both unsatisfactory and unreliable, and it is not aided by the other witnesses called in his behalf. Moreover, the referee has allowed $100 expenses for each month, which, a careful perusal of

the evidence indicates, is excessive. It is based on the testimony of the plaintiff as to expenses during the first four months; but it appears that the expenses thereafter were less, and the defendant, upon whom the burden of showing expenses rested, threw little or no light on the subject. It is therefore manifest that no injustice has been done the defendant.

The plaintiff, on his cross-examination, in answering a question as to the amount he claimed to be due and owing from the defendant, stated that the gross profits above the rent paid to the city were a little over $3,000, and a literal reading of his testimony indicates that other expenses were to be deducted from this sum; but, taking his evidence as a whole, this is not the fair inference to be derived from it. The referee awarded him the sum of $1,568.61, which shows that his claim amounted to about one-half of a balance of $3,000, and that is doubtless what he had in mind. Moreover, this evidence was a mere estimate, evidently not carefully made, and it is not so inconsistent with his former testimony, giving in detail the receipts and expenses, as to necessarily constitute a modification thereof. The evidence was not adduced before the referee with much order or care. The testimony of the plaintiff on cross-examination is open to the inference that the rents actually collected for the month of April, 1898, were $1,030 or $1,040; but we think the fair construction of his testimony is that he was then referring to what the defendant stated he had collected. The circumstances are such, however, that the court should not favor a reversal of the judgment for technical errors, for, owing to the misconduct of the defendant, it is doubtful whether upon a new trial the plaintiff would be able to establish his case by more satisfactory evidence; and, as has been stated, we are satisfied from the evidence, as a whole, that the recovery is not excessive.

It follows that the judgment should be affirmed, with costs. All concur.